STATE OF WEST VIRGINIA

**SUPREME COURT OF APPEALS**

**FILED**

June 9, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**WHEELING HOSPITAL, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 13-0046** (BOR Appeal No. 2047490)
                    (Claim No. 2007218790)

**LINDA SMITH,**
**Claimant Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Wheeling Hospital, Inc., by Jennifer Hagedorn, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Linda Smith, by Daniel Balgo, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 17, 2012, in which the Board affirmed a July 3, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 17, 2011, decision which denied a request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Smith, a certified surgical technologist, was injured in the course of her employment on March 8, 2007, when a surgical stapler struck her right hand. The claim was held compensable for a hand sprain, ulnar collateral ligament sprain, radial nerve injury in the right thumb, and contusion of the right thumb. On May 17, 2007, C. Clark Milton, D.O., found that Ms. Smith had reached maximum medical improvement. E. Phillips Polack, M.D., concurred in his May 21, 2007, treatment note. Dr. Polack noted in an August of 2007 treatment note that Ms. Smith attempted to return to work in July of 2011 but was unable to perform her occupational

1

duties. He stated that she complained of burning and paresthesia along the radial nerve in her right hand as well as aching in her thumb. In February of 2008, Dr. Polack found that Ms. Smith's right hand symptoms were very suggestive of post-traumatic sympathetic dystrophy. He testified in a deposition in September of 2009 that he diagnosed Ms. Smith with sympathetic dystrophy, and that he felt the condition was the result of her work-related injury. His opinion was reiterated by Richard Vaglienti, M.D. Dr. Vaglienti found in July of 2010 that Ms. Smith was unable to use her right arm due to pain and swelling. He opined that the injury was clearly work-related and diagnosed contusion of the right thumb resulting in complex regional pain syndrome.[1] He clarified in a deposition the following month that any minor trauma can cause the disorder.

The claims administrator denied a request to reopen the claim for temporary total disability benefits on May 17, 2011. The claims administrator found the benefits requested were for conditions that are not compensable components of the claim. The Office of Judges reversed the claims administrator's decision in its July 3, 2012, Order, determining that Ms. Smith presented persuasive evidence that reflex sympathetic dystrophy resulted from her compensable injury. The Office of Judges found that reflex sympathetic dystrophy had been causally linked to the compensable injury by both Dr. Vaglienti and Dr. Polack. Also, Ms. Smith testified in a deposition regarding the progression of her injury and the current condition of her hand which indicated an aggravation or progression of the compensable injury. However, the Office of Judges concluded that the evidence submitted failed to establish a period of temporary total disability directly attributable to reflex sympathetic dystrophy. In his deposition, Dr. Polack stated that he first diagnosed Ms. Smith with reflex sympathetic dystrophy in February of 2008 and last saw her in June of 2008. Therefore, the Office of Judges determined that Dr. Polack was incapable of determining Ms. Smith's temporary total disability status prior to making the diagnosis of reflex sympathetic dystrophy and after the date he last saw her. Dr. Vaglienti was also determined to be unable to show a definite period of temporary total disability because he did not treat Ms. Smith until April of 2009. Additionally, the Office of Judges noted that the requested commencement date of temporary total disability benefits, July 12, 2007, conflicts with Ms. Smith's testimony that she last worked on July 24, 2007. Therefore, the Office of Judges held that reflex sympathetic dystrophy was a compensable component of the claim and allowed Ms. Smith thirty days from the date of the Order to submit evidence demonstrating a definitive period of temporary total disability directly attributable to the condition.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 17, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Ms. Smith has presented persuasive evidence demonstrating that reflex sympathetic dystrophy is a compensable component of the claim. However, she has failed to show a definitive time period of temporary total disability due to the condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

---

[1] The Court notes that reflex sympathetic dystrophy is also known as complex regional pain syndrome.

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 9, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin